# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| In re Jazsmine A. Joseph | 7:21-mc-01408-CLM |

## MEMORANDUM OPINION

Jazsmine A. Joseph is a federal inmate serving her sentence at FCI Aliceville. Joseph has moved for this court to appoint an attorney to represent her in a yet to be filed *Bivens*' action. Doc. 1. For the reasons explained below, the court will **DENY** the motion (doc. 1) **WITHOUT PREJUDICE** and **DISMISS** this case.

## BACKGROUND

Joseph's motion states that she wishes to sue unnamed FCI Aliceville staff members under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for violating her constitutional rights. According to Joseph, prison officials violated her Eighth Amendment rights by acting deliberately indifferent toward her and then violated her First Amendment rights by retaliating against her for filing grievances about their alleged constitutional violations.

Joseph requests an attorney to help her with discovery, present her claims to a jury, limit the litigation to meritorious issues, and negotiate any potential settlement. Joseph states that she needs an attorney because her *Bivens*' case will be complex, requiring extensive documentary discovery and the use of expert witnesses. She also says that she needs an attorney because her case will require her to depose several prison officials and inmates.

## ANALYSIS

Before the court addresses the merits of Joseph's motion to appoint counsel, it must determine whether it has jurisdiction to consider the motion.

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As explained above, Joseph moves the court to appoint her an attorney *before* she sues FCI Aliceville officials for allegedly violating her constitutional rights. So though this court would have federal question jurisdiction over Joseph's *Bivens*' claims, Joseph doesn't currently have a *Bivens*' action pending before this court. And Joseph's motion fails to assert any other basis for this court to exercise jurisdiction over her motion to appoint counsel.

The court recognizes that it has ancillary jurisdiction "to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 380. But

Joseph doesn't have an active *Bivens*' claim in this court, so the doctrine of ancillary jurisdiction doesn't apply here. Further, this court can only exercise jurisdiction over "cases and controversies." *See* U.S. CONST. art. III, § 2. And the court is unconvinced that Joseph's motion to appoint counsel creates a controversy, especially because she lists only herself as a party to this action. So the court finds that Joseph has failed to meet her burden to show that the court has jurisdiction to consider her motion to appoint counsel before she files her planned *Bivens*' action.

**B.    Merits**

Even if the court could consider Joseph's motion to appoint counsel, the court would deny it. No constitutional right to counsel exists in a civil case. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999). And this court should appoint counsel only when exceptional circumstances, "such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner," are present. *Kilgro v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) (quotations omitted).

Though Joseph generally explains the constitutional claims that she wishes to bring, her motion to appoint counsel doesn't provide many details on the specific incidents that she says support her allegations. Indeed, the only specific detail that Joseph provides is that a prison official placed her in segregation six days after she filed a complaint about him. But Joseph doesn't explain the basis of her complaint. Nor does she identify who the defendants to her lawsuit would be other than to state

that they are FCI Aliceville officials. So the court cannot tell whether Joseph's case will present novel or complex legal and factual issues. Without more detail, the court also cannot assess whether discovery will be as complex as Joseph says it will be. So the court finds that Joseph's motion to appoint counsel is premature and should be denied at this time.

## CONCLUSION

For these reasons, the court will **DENY** Joseph's motion (doc. 1) **WITHOUT PREJUDICE** and **DISMISS** this case for lack of jurisdiction. But if Joseph wishes to pursue a *Bivens'* action, the court encourages her to file a complaint pro se. Once Joseph files a pro se *Bivens'* complaint, she may then move for the appointment of counsel in her civil case. The judge presiding over that case will likely be in a better position to assess whether the appointment of counsel is warranted because he will have in front of him the allegations in Joseph's complaint.

The court will enter a separate order that carries out this ruling and directs the Clerk to send Joseph a prisoner complaint form that outlines how she may bring her *Bivens'* claims pro se.

**DONE** on November 1, 2021.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE